**Bi Quiang LIN, Petitioner,**

v.

78

Alberto R. GONZALES,[1] Attorney General, Respondent.

No. 03–4420–AG.

United States Court of Appeals, Second Circuit.

Oct. 24, 2005.

Jim Li, New York, NY, for Petitioner.

Gregory R. Miller, United States Attorney, E. Bryan Wilson, Assistant United States Attorney for the Northern District of Florida, Tallahassee, FL, for Respondent.

1. Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Alberto R. Gonzales is automatically substituted for for-

Present: MESKILL, SACK, and SOTOMAYOR, Circuit Judges.

**UPON DUE CONSIDERATION,** of this petition for review of the order of the Board of Immigration Appeals ("BIA"), it is **ORDERED, ADJUDGED, AND DECREED** that the petition for review is **DENIED.**

Petitioner Bi Qiang Lin ("Lin") petitions for review from the February 24, 2003 final order of removal by the BIA affirming the decision of the Immigration Judge ("IJ") and denying his application for asylum and withholding of removal. We assume the parties' familiarity with the facts and procedural history of the case. In this appeal, Lin challenges the BIA's determination that he failed to establish credibility and that the BIA improperly summarily affirmed the order of the immigration judge.

Where, as in this case, the BIA summarily affirms the IJ's decision, this Court reviews the decision of the IJ directly. *See Twum v. INS,* 411 F.3d 54, 58 (2d Cir.2005). This Court reviews an IJ's factual findings under the substantial evidence standard, and as such, "a finding will stand if it is supported by 'reasonable, substantial, and probative' evidence in the record when considered as a whole." *Secaida–Rosales v. INS,* 331 F.3d 297, 307 (2d Cir.2003) (quoting *Diallo v. INS,* 232 F.3d 279, 287 (2d Cir.2000)). The IJ's administrative findings of fact are conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary. *Zhou Yun Zhang v. INS,* 386 F.3d 66, 73 (2d Cir.2004).

Nevertheless, "the fact that the [IJ] has relied primarily on credibility grounds in dismissing an asylum application cannot

mer Attorney General John Ashcroft as a respondent in this case.

insulate the decision from review," *Ramsameachire v. Ashcroft,* 357 F.3d 169, 178 (2d Cir.2004), and "when a credibility determination analyzing testimony is based on flawed reasoning, it will not satisfy the substantial evidence standard," *Secaida–Rosales,* 331 F.3d at 307. When rejecting an applicant's testimony, an "IJ must provide specific, cogent reasons for doing so," which "bear a legitimate nexus to the finding," and are "valid grounds for disregarding an applicant's testimony." *Id.* at 307 (internal quotations omitted).

In this case, the IJ denied Lin's application based on an adverse credibility finding, specifically because of inconsistencies in the record, the vagueness of his testimony, his failure to authenticate documents, and failure to present evidence of IUD insertion into his wife. Among the inconsistencies and omissions in Lin's testimony and evidence is his testimony that the authorities sought to arrest him while he was in hiding and working in the Fuzhou market. However, neither his application for asylum, nor his wife's statement mentioned that the authorities were seeking him. Furthermore, Lin's application for asylum fails to make any mention of his year and one half spent in hiding in Fuzhou.

The IJ's determination that it was implausible that Lin was in hiding for two and one half years during and following his wife's second pregnancy while he continued to work at his government job was not shown by Lin to be incorrect. Lin has not explained how he was in constant fear of arrest, *see* JA at 78–79, while continuing to work in his government job, *see* JA at 64.

Even though Lin has offered plausible explanations for these inconsistencies, he has not offered evidence sufficient to establish that any reasonable adjudicator would be compelled to conclude, contrary to the IJ's decision, that Lin was not credible. *See Zhang,* 386 F.3d at 73. Finally we note that the IJ's determination that Lin presented no evidence in support of IUD insertion is incorrect. Lin did, in fact, present a hospital record from 1999 showing IUD insertion in his wife. *See* JA at 205–207. In light of the other specific and cogent reasons cited by the IJ in support of the decision to find Lin not credible, we find that there was substantial evidence supporting the IJ's decision. *See Ramsameachire v. Ashcroft,* 357 F.3d 169 (2d Cir.2004) (holding that although the BIA was mistaken as to one purported inconsistency, other inconsistencies cited by the BIA were sufficient to support its adverse credibility finding).

The petition for review is therefore hereby DENIED.